# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID W. BANKS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 4:17-cv-01005-DGK |
| | ) |
| EMPLOYMENT BACKGROUND INVESTIGATIONS, | ) |
| | ) |
|    Defendant. | ) |

## ORDER ON DISCOVERY DISPUTE

This case arises out of an alleged violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff David Banks alleges he suffered harm, including emotional distress, after Defendant Employment Background Investigations ("EBI") misidentified him as having a criminal history to his potential employer.

Now before the Court is a discovery dispute regarding the disclosure of two sets of Plaintiff's medical records (Docs. 72, 76, & 77). Having reviewed the parties' memoranda, the Court finds a teleconference is unnecessary. For the following reasons, Defendant's motion to compel (Doc. 72) is GRANTED.

### Background

In October 2016, Banks sought employment at Trader Joe's. As part of the employment process, he completed a criminal history questionnaire and background authorization form. Trader Joe's submitted Plaintiff's forms to EBI, an agency that conducts background investigations. When EBI informed Trader Joe's of the results of its investigation, it incorrectly reported Banks had a felony theft conviction. As is relevant to this dispute, Banks alleges he suffered emotional distress from the misidentification.

Defendant originally requested Plaintiff produce "[a]ny document that supports Plaintiff's claims in this case, not provided in Response to Requests 1-10." Subsequently, however, in early May 2018, Defendant's counsel followed up with Plaintiff's counsel to clarify that this request for production included medical or psychological records. Plaintiff's counsel responded by saying he did not intend to produce the records. But, at Plaintiff's deposition later in May 2018, Plaintiff's counsel stated, "We can stipulate that when [Plaintiff] gets [the medical records from his counseling sessions] to me, I'll relay it to you" (Doc. 72, Ex. 3, p. 179:2-3). It also appears the parties discussed the production of these documents, and Plaintiff's counsel indicated he would talk to his client about getting the records. After these records were not produced, Defendant's counsel followed up on July 24, 2018, regarding the status of the medical records. On July 30, 2018, Plaintiff's counsel indicated they would not produce the records.

The parties then contacted the Court to apprise it of this discovery dispute, and the Court set an expedited briefing schedule. Defendant still seeks access to Plaintiff's medical records.

**Standard**

A district court has wide discretion in handling pretrial discovery matters. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC,* 784 F.3d 1183, 1198 (8th Cir. 2015). A party generally may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense if it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Proportionality is weighed by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The rule requires a party objecting to

discovery to show specifically how each discovery request is irrelevant or otherwise not subject to discovery. *See id*. at 33(b)(4), 34(b).

**Discussion**

As a preliminary matter, Plaintiff avers Defendant's motion to compel (Doc. 72) should be denied because it was filed after the close of discovery and Defendant has not proven extraordinary circumstances. Relatedly, Plaintiff argues Defendant's request is outside the scope of its request for production. The Court disagrees.

Counsel have been in communication since May regarding the disclosure of these records. While Defendant's request that Plaintiff produce "[a]ny document that supports Plaintiff's claims in this case, not provided in Response to Requests 1-10" is broad, it is clear from subsequent communications between the parties that Plaintiff was fully aware Defendant was requesting production of these medical records. More importantly, Defendant believed Plaintiff would produce the records (specifically, based on Plaintiff's deposition), and it was not until July 30, 2018, Defendant learned the records would not be produced. This Court will not punish Defendant for making a good faith effort to resolve this dispute without the Court's intervention. Therefore, the Court will consider the substance of Defendant's request.

Defendant argues these records are relevant for it to defend against Plaintiff's allegations. Plaintiff claims the records are not relevant, and even if they were, the burden of producing the records outweighs the benefits. This Court finds the records are relevant and the burden of production does not outweigh the benefits.

This is consistent with how other district courts have treated this issue. In *Eggering v. MHP, Incorporated*, No. 10-cv-01794, 2011 WL 6029956 (E.D. Mo. Dec. 5, 2011), the plaintiff sued the defendant for employment discrimination, seeking, among other damages, "garden

variety" emotional distress damages. *Id*. at *1. The plaintiff refused, however, to produce records related to any treatment she received for emotional distress prior to her employment termination, and the defendant petitioned the court to compel the plaintiff to produce her medical records. *Id*. Like in this case, the plaintiff argued that because she was only claiming "garden variety emotional distress" and was not calling a medical care provider to testify as an expert as to emotional damages, the doctor-patient privilege had not been waived. *Id*. The court rejected that argument, finding "the materials sought may become relevant to establish, depending on the evidence Plaintiff presents at trial to support a claim for emotional distress damages, that there were causes other than her termination that caused her emotional distress." *Id*. at 2;[1] *accord Lewis v. Temp-Air, Inc.*, No. 14-cv-398, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014); *Bates v. Delmar Gardens North, Inc.*, No. 15-cv-00783, 2016 WL 3543046, at *4-5 (E.D. Mo. June 29, 2016).

So too here, Plaintiff seeks garden variety emotional distress damages. Plaintiff admitted in his deposition that he discussed his emotional distress caused from the misidentification with a doctor in January 2017 and with a psychologist around August 2017. These medical records, therefore, may become relevant to Plaintiffs' emotional distress damages.

Plaintiff says *Eggering* and similar cases are unpersuasive because they were decided before the proportionality amendments of Rule 26 were added.[2] After weighing those factors, the Court concludes the burden of production does not outweigh its benefits. The information sought

---

[1] Although Missouri state law does not require the disclosure of medical records when the plaintiff is alleging only garden variety emotional distress, *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 568 (Mo. banc 2006), the Federal Rules of Civil Procedure govern discovery in cases litigated in federal court. Fed. R. Civ. P. 26.
[2] In fact, *Bates* was decided in 2016, after the proportionality rules went into effect in December 2015. 2016 WL 3543046.

4

is directly related to Plaintiff's claim for damages. And Plaintiff testified at his deposition that he possessed some of these records, so their production could hardly be unduly burdensome.

The Court understands, however, Plaintiff has an important interest in keeping this information confidential. The Court encourages the parties to work together to develop a mutually agreeable solution to address Plaintiff's concerns, such as an agreed upon confidentiality order. Of course, just because the documents are discoverable does not mean they will be admissible at trial. The Court defers ruling on their admissibility.

Accordingly, Defendant's motion to compel (Doc. 72) is GRANTED.

**IT IS SO ORDERED.**

Date:  September 21, 2018             /s/ Greg Kays
                                            GREG KAYS, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT